# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed December 29, 1903.

W. E. ALBERTSON
VS.

THE ATLANTIC TRUST AND DEPOSIT COMPANY.

BAER, J.—

PAYMENT OF COSTS OUT OF FUND IN THE HANDS OF A RECEIVER—The receiver sued the petitioner and recovered judgment in the Court below, which was reversed by the Court of Appeals, and a judgment was there rendered in favor of the petitioner for costs above and below, amounting to $357.90. The petitioner afterwards asked for an order directing the receiver to pay these costs out of the money in his hands; the receiver admitted that the petitioner should be paid, provided the funds in his hands were sufficient to pay in full all liabilities incurred by him as such receiver. Held, that the petitioner has a present right to ascertain what proportion of the fund in the hands of the receiver is applicable to the payment of his costs, and that the case should be referred to an auditor to state an account, and instructions are given as to the manner in which the account should be stated.

This matter is submitted upon petition and answer. There is no dispute about the facts. At the time of the appointment of the receiver there was no property whatever conceded to belong to the corporation. Its only assets were a claim to certain fixtures in what was then known as the Atlantic Trust Building, which claim was disputed by the mortgagee thereof, and a number of claims against various alleged subscribers to its capital stock for their unpaid subscriptions. By authority of the Court, counsel were engaged to prosecute these claims. The claim for the fixtures was contested, and the receiver finally came into possession of the sum of $1,200 on account of this claim. Out of this sum the re-

ceiver states that he has paid "some current expenses of said trial and estate, and now has in hand the sum of $919."

It further appears that after the receiver came into possession of this sum of $1,200, under the authority of the Court he brought 62 suits against various persons, to enforce the payment of the alleged unpaid subscriptions to the capital stock of the defendant. The case against Cleaveland, the petitioner, was selected "for a test case." The Court below rendered a judgment against Cleaveland, but this judgment was reversed, without a new trial, by the Court of Appeals, which rendered a judgment in favor of Cleaveland for the costs above and below. These costs amount to $357.90, and this petition is now filed by Cleaveland, praying for an order, directing the receiver, out of the money in his hands, to pay these costs to the petitioner.

The receiver admits "that the petitioner is entitled to be paid the amount of costs awarded him by the Court of Appeals out of the funds in his hands, provided such funds are sufficient in amount to pay in full all liabilities incurred by him as such receiver."

The receiver further says that the case of the petitioner, instead of being a test case, was decided by the Court of Appeals upon a point which is altogether absent in certain of the other cases, and in none of the other cases is it presented under exactly, the same conditions of fact.

The receiver further states that costs have accrued in this case to the amount of $57; that he is entitled to his commissions on the amount collected by him; that the fees of the counsel, employed by him under the order of the Court; are chargeable against the funds in his hands, that the costs in the other cases, instituted by him against subscribers to the stock, amount to $925, which are also chargeable; that if he proceeds in the other cases he may recover or make an advantageous settlement, and that "the proper course for him to pursue is to press the other cases, now pending, to a determination, and then have the papers referred to an auditor," to state an account showing the disposition to be made of the assets in his hands.

It is evident that the Court should not, at this time, pass an order directing the receiver to pay the costs of the petitioner, for the reason that the Court does not know whether the amount in the hands of the receiver is sufficient to pay the same, after other charges and expenses, for which the fund is primarily liable, have been paid. It is conceded that the commissions of the trustee and the fees of the counsel for services in procuring said fund should first be paid. It is not conceded that the costs in this case, $57, should also be first paid, but, in the opinion of this Court, they are primarily chargeable upon the fund. It is true that the complainant is liable to the clerk, but the fund has been realized, and the cost in the case are as much an expense, incurred in the realization and protection of the fund, as the commissions of the receiver or the fees of the counsel.

It may be, also, that the counsel have rendered other services to the receiver, for which they should be paid, not including their fees for services in the case against the petitioner. As between them and the petitioner, the Court is of the opinion that the costs of the case against him should first be paid.

The receiver also has incurred costs, amounting to $925, in the other suits he has brought against alleged delinquent subscribers to the stock. It is conceded that if these suits should now be dismissed by the receiver, the costs in these cases should be paid *pari passu* with those of the petitioner.

I cannot accept, however, the contention of the receiver that the proper course for him to pursue is to go on and press the other cases to a termination, and that then, whether he wins or loses in the other cases, an auditor's account should for the first time be stated.

The case against the petitioner has been tried. It has been determined by the Court of Appeals that the receiver has no claim against him and that he is entitled to his costs. To the extent of these costs he now has an interest in the fund in the hands of the receiver, and it would be an injustice to him to allow the receiver to go on prosecuting the other cases, with the possible result of diminishing the amount which the petitioner would receive at the present time. He has no interest in the case, except to have his costs, unjustly incurred, paid to him, and the course proposed might result in taking the

292

whole or a part of that which he would now receive, in the futile attempt to increase the fund in the receiver's hands for the benefit of the creditors of the insolvent corporation. The admitted "test case" having been tried, and the receiver having failed therein, and the petitioner having a judgment of the Court of Appeals for his costs, the Court is of opinion that the petitioner has a present right to ascertain what proportion of the fund in the hands of the receiver is applicable to the payment of his costs, and to have the same paid to him.

I will sign an order, referring the case to the auditor, to state an account charging the receiver with the said sum of $1,200, and crediting said fund in his hands with the costs of this suit to the present time, allowing the receiver the commissions usual in such cases, such counsel fees as may be shown to the Court to be payable out of said fund, and any other expenses that may be shown to be properly chargeable against it, thereby ascertaining the net sum in the hands of the receiver, upon which the claim of the petitioner is a present charge. If this sum is not sufficient, as it is apparent it will not be, to pay the costs of the petitioner and the costs already incurred by the receiver in the other cases, then the petitioner should be paid the proportion of said sum, which his costs bear to the aggregate costs made up of his costs and those incurred by the receiver in the other cases.

I have purposely excluded the costs of the defendants in the other cases, The case against the petitioner was "selected as a test case." He incurred the large costs, which he was compelled to pay, for the benefit of these defendants, as well as himself, and, while he remains unreimbursed, I do not think it would be just to pay any part of the defendants' costs in the other cases.

While the facts here are not similar to those in the cases in 64 Md., 183, and 89 Md., 303, the conclusion I have reached seems to be in accord with the principles there announced.

If the receiver should hereafter come into the possession of other assets, or if the fund now remaining in his hands to pay the plaintiff's costs in the other cases should not, for any reason, be so applied, upon the application of the petitioner the Court will direct another distribution among those entitled.